USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/9/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

- against -

ANDREAS BADIAN, et al.,

Defendants.

----------------------------------x

06 Civ. 2621 (LTS)(DFE)

(This is an ECF case.)

MEMORANDUM AND ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

Following my earlier ruling, *S.E.C. v. Badian*, 2009 WL 222783 (S.D.N.Y. Jan. 26, 2009), the SEC took deposition testimony from Andreas Badian, Robert Charron, and Therese Pritchard. In 2002 and 2003, Andreas Badian and his brother Thomas Badian were principals in Rhino Advisors, Inc. ("Rhino") and Ms. Pritchard and her law firm Bryan Cave LLP acted as attorneys for Rhino. At her 8/25/09 deposition, Ms. Pritchard declined to answer some questions on the ground of attorney-client privilege.

I have now received a November 4, 2009 joint letter from counsel for the SEC and counsel for Andreas Badian. The SEC asks me to compel Ms. Pritchard to answer four of the questions.

Three of those questions asked: "Who were the persons or entities that were investors in Amro International?"; "Who were the persons who were investors in Creon Management?"; and "Who provided the funding for Amro and Creon?" (Tr. 49:12, 49:22, and 69:4.) She answered follow-up questions at Tr. 70-72 and 78-80; in view of those answers, and in view of the remainder of today's ruling, I decline to compel Ms. Pritchard to answer the three questions quoted above.

The remaining disputed question asked: "Did you discuss with Thomas and Andreas any of the potential responses to the questions in the 21(a) order, which has been marked as Exhibit Number 7?" (Tr. 58:11.) In 2003, Ms. Pritchard and Bryan Cave LLP supplied numerous documents to the SEC, including a draft letter to the SEC dated July 5, 2002 that contained a statement about the source of the funding for Amro and Creon. At Tr. 79-80, Ms. Pritchard testified that she has no reason to dispute that she prepared this draft, and that she has no reason to



USDC SDNY
DATE SCANNED 11/9/09

dispute the draft's statement about the funding, but that the statement was not "independently verified" by her or by anyone in her firm. My 1/26/09 ruling said:

> 40. Having analyzed the four *Lois* factors, I conclude that Rhino waived any privilege that it might have asserted as to any portion of the 2003 Bryan Cave Production.
>
> * * *
>
> 42. On the present record, I do not see a basis to extend a finding of waiver to any document that has not been turned over to the SEC. ....
>
> 43. .... As I told the attorneys in my 11/10/08 telephone conference, the privilege shields attorney-client communications but not the underlying facts. For example, it appears that the SEC has questions about the role of Andreas Badian's father. ....

In that 11/10/08 telephone conference, I suggested that the parties consider the possibility of a stipulation of facts to obviate the need to rule on the disputes about privilege and waiver. However, "Rhino determined that ... a stipulation to facts was not feasible." (12/12/08 joint letter, p. 2.) The 7/22/09 deposition testimony of Andreas Badian says that he did not, to the best of his recollection, supply any input for Ms. Pritchard's July 2002 draft, and says that he does not know whether the draft's statement about the funding is true or false. (7/22/09 Tr. 182-93, 199-201.)

The SEC has cited a case on point, *Church of Scientology of California v. Cooper*, 90 F.R.D. 442, 443 (S.D.N.Y. 1981), where Judge Lasker wrote: "[T]he remaining questions do not ask [Attorney Seffern] for the substance of any communications Cooper made to Seffern and consequently do not ask for any material protected by the attorney-client privilege. .... Rather they ask whether discussions concerning various subjects were had, ...." In view of the particular facts in the case at bar, I conclude that Ms. Pritchard should have answered the question at 8/25/09 Tr. 58:11. If she had done so, then it is likely that the SEC would have followed up with narrower questions. Rather than ordering a resumption of her deposition, **I hereby direct Ms. Pritchard to supply the SEC, by November 23, 2009, with written, notarized answers to six questions:**

1. On or before July 5, 2002, did you receive any communication (whether direct or indirect) from Thomas Badian concerning the source of the funding for Amro International?

2. On or before July 5, 2002, did you receive any communication (whether direct or indirect) from Andreas Badian concerning the source of the funding for Amro International?

3. On or before July 5, 2002, did you receive any communication (whether direct or indirect) from Andreas Badian's father concerning the source of the funding for Amro International?

4. On or before July 5, 2002, did you receive any communication (whether direct or indirect) from Thomas Badian concerning the source of the funding for Creon Management?

5. On or before July 5, 2002, did you receive any communication (whether direct or indirect) from Andreas Badian concerning the source of the funding for Creon Management?

6. On or before July 5, 2002, did you receive any communication (whether direct or indirect) from Andreas Badian's father concerning the source of the funding for Creon Management?

Douglas F. Eaton
DOUGLAS F. EATON
United States Magistrate Judge

Dated: New York, New York
November 9, 2009

Copies of this Memorandum and Order are being sent by electronic filing to all counsel, including:

Kenneth J. Guido, Esq.
Caryn Mazin Schechtman, Esq.

Hon. Laura Taylor Swain